## No. 5435.

### CITY OF NEW ORLEANS VS. JOHN A. MORRIS.

A claim of ownership set up by a third person to certain property sought to be attached in a suit, can not be adjudicated on a rule tried in vacation.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J.

*George S. Lacey*, for plaintiff and appellee.

*C. T. Buddecke*, for Germania National Bank.

*B. R. Forman*, defendant in rule.

The opinion of the court was delivered by

MORGAN, J. Two writs of *fieri facias*, which were the basis of the garnishment process by which the Germania National Bank was proceeded against, were offered in evidence on the trial in the court below. These writs are not in the record. A writ of *certiorari* issued to cause the omission to be rectified. The writ failed.

Under these circumstances, we prefer, on our motion, to issue another writ ordering their production.

It is therefore ordered that a writ of *certiorari* issue to the clerk of the Superior District Court directing him to attach to the record in this case the two writs of *fieri facias* mentioned in the writ heretofore issued at the instance of the appellants.

SPENCER, J. The city of New Orleans having judgments against defendant for taxes, issued writs of *fieri facias*, and propounded interroga-

tories to the bank as garnishee. After propounding the usual interroga-
tories touching indebtedness to the defendant, the following "fourth in-
terrogatory" is propounded:

"Are you not the holder of four promissory notes of two hundred and
fifty dollars each, dated fifteenth of November, 1873, payable respect-
ively on the first of July, August, September, and October, 1874, to
bearer, at bank, in New Orleans, signed John P. Becker, and indorsed,
' for collection, B. R. Forman, agent ?' "

All the other interrogatories having been answered *no*, this one was
answered: "The bank has three such notes, which were deposited by
B. R. Forman, agent; that since the service of the interrogatories, the
note due first of July has been paid and proceeds placed to the credit of
B. R. Forman, agent, and this respondent has no knowledge whatever
whether or not John A. Morris, the defendant in execution, has any
right, title, and interest, directly or indirectly, in the said notes; and re-
spondent knows no other owner of said notes than said B. R. Forman,
agent."

When this answer was filed, the city of New Orleans, showing that the
bank made garnishee admitted having three of the notes described in
the fourth interrogatory, and without alleging that J. A. Morris, the de-
fendant in execution, was the owner of these notes, or had any interest
in them, obtained an order on the bank to show cause why it should not
be condemned to deliver said notes, or their proceeds, into the hands of
the sheriff.

The bank, answering this rule to show cause, re-affirmed in substance
its answers to the interrogatories, and set up further that one Mrs.
Hemen, and B. R. Forman, agent, had sequestered the notes on a claim
of ownership, and asked to have Forman, the depositor of said notes,
made party, and thereupon the court so ordered. Forman excepted to
being made party by motion, averring that his title to the notes could not
be thus tried and questioned, and that this case could not be tried,
heard, and determined at chambers and in vacation.

The court, notwithstanding, tried the rule on the eighteenth of July,
1874, made it absolute, ordering the garnishee to deposit the notes or
their proceeds in the sheriff's hands, and dismissing Forman's excep-
tions. From that judgment this appeal is taken.

The plaintiff, on trial, offered the two writs of *fieri facias* against Mor-
ris forming the basis of the proceeding in garnishment. The clerk
certifies that these writs are lost or mislaid, and that after diligent search
they can not be found, and therefore they are not copied in the record.
This court, our predecessors, ordered a writ of *certiorari* to issue, which
failed. It, of its own motion, ordered a second writ, with same result.
The case is now submitted to us. Plaintiff insists that the appeal should

be dismissed, but we think this would be an injustice. We think that the judgment is, on the face of the record, a nullity. The court could not try and determine such a case as this in vacation. See 23 An. 483; Dixon vs. Judge, Opinion Book 43, page 90.

It is therefore ordered and decreed that the judgment appealed from be annulled and avoided, and this cause remanded to be proceeded with according to law, plaintiff and appellee paying costs of appeal.